1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
WARREN JEREMIAH SPIES

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| WARREN JEREMIAH SPIES,<br><br>                    Plaintiff,<br><br>        v.<br><br>NELSON & KENNARD, a general partnership; ROBERT SCOTT KENNARD, individually and in his official capacity; JAMIE A. FORBES, individually and in her official capacity; and CAPITAL ONE BANK (USA), N.A., a national banking association;<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, WARREN JEREMIAH SPIES, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I.  INTRODUCTION

1.    This is an action for actual damages, statutory damages, attorney fees, and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    According to 15 U.S.C. § 1692:

- 1 -
COMPLAINT

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    Plaintiff also seeks actual damages, statutory damages, attorney fees, and costs under California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive, and unfair practices.  The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

---

[1]  Cal. Civil Code § 1788.1(a)(1).

## II.  JURISDICTION

4.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

7.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

8.     Plaintiff, WARREN JEREMIAH SPIES (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), a "debtor" within the meaning of Cal. Civil Code § 1788.2(h), and a "disabled person" within the meaning of Cal. Civil Code § 1761(g).

9.     Defendant, NELSON & KENNARD (hereinafter "N&K"), is a general partnership engaged in the business of collecting defaulted consumer debts in this state with its principal place of

business located at: 2180 Harvard Street, Suite 160, Sacramento, California 95815.  N&K may be served at: Nelson & Kennard, c/o Robert Scott Kennard, General Partner, 2180 Harvard Street, Suite 160, Sacramento, California 95815.  The principal business of N&K is the collection of defaulted consumer debts using the mails and telephone, and N&K regularly attempts to collect defaulted consumer debts due or alleged to be due another.  N&K is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.    Defendant, ROBERT SCOTT KENNARD (hereinafter "KENNARD"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or general partner of N&K at all relevant times.  KENNARD may be served at his current business address at: Robert Scott Kennard, Nelson & Kennard, 2180 Harvard Street, Suite 160, Sacramento, California 95853.  The principal purpose of KENNARD's business is the collection of defaulted consumer debts due or alleged to be due another.  KENNARD is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet.  KENNARD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that KENNARD is liable for the acts of N&K because he is a general partner of N&K, he sets and approves N&K collection policies, practices, procedures, and he participated in and directed the unlawful activities described herein.

11.    Defendant, JAMIE A. FORBES (hereinafter "FORBES"), is a natural person, a licensed attorney in the state of California, and is or was an employee and/or agent of N&K at all relevant times.  FORBES may be served at her current business address at: Jamie A. Forbes, Nelson & Kennard, 2180 Harvard Street, Suite 160, Sacramento, California 95853.  The principal purpose of FORBES' business is the collection of defaulted consumer debts due or alleged to be due another.

FORBES is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet.  FORBES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12.    Defendant, CAPITAL ONE BANK (USA), N.A. (hereinafter "CAPITAL ONE"), is a national banking association engaged in the business of consumer lending and debt collection in this state with its principal place of business located at: 4851 Cox Road, Glen Allen, Virginia  23060.  CAPITAL ONE may be served at: Capital One Bank (USA), N.A., Attn: President, 4851 Cox Road, Glen Allen, Virginia 23060.  The principal business of CAPITAL ONE is consumer lending and the collection of consumer debts using the U.S. Mail, telephone, and internet, and CAPITAL ONE regularly collects and attempts to collect consumer debts.  CAPITAL ONE is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).  CAPITAL ONE is vicariously liable to Plaintiff for the acts of each Defendant, N&K, KENNARD, and FORBES.[2]

13.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee, and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment, and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### VI.  FACTUAL ALLEGATIONS

14.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by CAPITAL ONE (hereinafter "the

---

[2]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1090 (E.D. Cal. 2013) ("U.S. Bank can be held vicariously liable under the FDCPA for Nelson & Kennard's acts.").

alleged debt"). The alleged debt was incurred primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

15. Plaintiff is informed and believes, and thereon alleges, that sometime after Plaintiff defaulted on the alleged debt and on a date unknown to Plaintiff, the alleged debt was consigned, placed, or otherwise transferred to Defendants, N&K, KENNARD, and FORBES, for collection from Plaintiff.

16. On or about June 6, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Capital One Bank (USA), N.A. v. Warren J. Spies, et al.*, Case No. 1-11-CV-202376 (hereinafter the "state court action"), which sought to collect $12,233.87 in damages and pre-judgment interest at the rate of 10.000% per year from January 14, 2011.

17. Plaintiff is informed and believes, and thereon alleges, that Defendants thereafter engaged Nationwide Legal File & Serve, Inc. (hereinafter "Defendants' Process Server"), to serve legal process in the state court action upon Plaintiff, by delivering to Plaintiff a copy of the Summons and Complaint, as required by Cal. Code of Civil Procedure § 415.10.

18. Plaintiff is informed and believes, and thereon alleges, that on or about August 1, 2011, Defendants' Process Server composed a document titled Proof of Service of Summons in which it represented, under penalty of perjury, that Plaintiff had been served with a copy of the Summons and Complaint in the state court action by substitute serving "John Doe – Co-Occupant" on July 30, 2011, at 8:27 p.m. Thereafter, Defendants caused the Proof of Service of Summons to be filed with the Clerk of the Superior Court in the state court action on or about August 16, 2011.

19. Thereafter, on or about October 6, 2011, Defendants requested and were granted a

- 6 -
COMPLAINT

Default Judgment by the Clerk of the Superior Court based on Defendants' Process Server's false <u>Proof of Service of Summons</u>.  Plaintiff was not aware that the state court lawsuit had been filed against him, or that a default judgment had been entered against him, until approximately October 31, 2011, when Plaintiff received a letter from Defendants informing him that Defendants had obtained a judgment against him in the state court action.

20.   Upon learning of the state court action, Plaintiff retained legal counsel and obtained a copy of the state court's file at his own expense.  In his review of the state court file, Plaintiff first learned that Defendants' Process Server had composed and filed a false <u>Proof of Service of Summons</u>.  Plaintiff discovered that Defendants' <u>Proof of Service of Summons</u> represented that he had allegedly been served with a copy of the state court Summons and Complaint by substitute serving "John Doe – Co-Occupant" at: 17281 Stevens Canyon Road, Cupertino, CA 95014-5501 on July 30, 2011, at 8:27 p.m.  In fact, Plaintiff had not lived at: 17281 Stevens Canyon Road, Cupertino, CA 95014-5501 since mid-November 2010.  Plaintiff is informed and believes, and thereon alleges that the property located at 17281 Stevens Canyon Road, Cupertino, CA 95014-5501 was sold to the Santa Clara County Park District on or about December 1, 2010, and that the property has remained vacant from that date to the present.

21.   On or about November 18, 2011, Plaintiff's counsel sent a letter via Certified Mail, Return Receipt Requested, to Defendants notifying them that Defendants' <u>Proof of Service of Summons</u> was false, had been fabricated, and that the Entry of Default and Default Judgment entered against Plaintiff in the state court action based on Defendants' false <u>Proof of Service of Summons</u> was obtained by extrinsic fraud on the court and was therefore void.[3]  A true and correct copy of Plaintiff's counsel's November 18, 2011, letter to Defendants, and the signed Certified Mail Return Receipt is

---

[3]   See, *Honda Motor Co. v. Superior Court*, 10 Cal. App. 4th 1043, 1048 (Cal. App. 6th Dist. 1992) ("California is a jurisdiction where the original service of process, which confers jurisdiction, must conform to statutory requirements or all that follows is void.").

attached hereto, marked as Exhibit "1," and by this reference is incorporated herein.

22.    Plaintiff's counsel's November 18, 2011, letter to Defendants also stated in relevant part as follows:

> Finally, please note that our client is disabled and any further collection communications will cause him undue stress and anxiety.  See Cal Civil Code § 3345.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants received Plaintiff's counsel's November 18, 2011, letter (Exhibit "1") on or about November 21, 2011.

24.    To date, Plaintiff's counsel has received no response from Defendants to his November 18, 2011, letter, and the Default Judgment in the state court action has not been vacated or set aside.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants had actual notice that Plaintiff had not been served with the Summons and Complaint in the state court action on or about November 21, 2011.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants had actual notice that their subsequent conduct was directed towards a disabled person on or about November 21, 2011.

27.    After receiving Plaintiff's counsel's November 18, 2011, letter notifying Defendants that the default judgment entered against Plaintiff in the state court action was obtained by extrinsic fraud on the court, and was therefore void, Defendants knowingly and intentionally continued their attempts to enforce and to collect the void judgment from Plaintiff, in violation of both state and federal law.

28.    Thereafter, on or about January 23, 2014, Defendants drafted, and FORBES signed, a document titled Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest in which Defendants sought to increase the void October 6, 2011,

default judgment entered against Plaintiff in the state court action, by adding $3,112.69 in post-judgment interest.   A true and correct copy of the <u>Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest</u> is attached hereto, marked as Exhibit "2," and by this reference is incorporated herein.

29.   Plaintiff is informed and believes, and thereon alleges, that Defendants mailed the <u>Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest</u> (Exhibit "2") to Plaintiff on or about February 17, 2014.

30.   The <u>Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest</u> (Exhibit "2") was filed in the state court action on or about March 13, 2014.

31.   Thereafter, Defendants drafted a document titled <u>Writ of Execution</u>, the purpose of which was to seize, levy, or otherwise obtain money or property from Plaintiff to satisfy the void judgment in the state court action.   Thereafter, on or about March 13, 2014, the Clerk of the Superior Court for the County of Santa Clara issued the <u>Writ of Execution</u> in the state court action at Defendants' request.   A true and correct copy of the March 13, 2014, <u>Writ of Execution</u> is attached hereto, marked as Exhibit "3," and by this reference is incorporated herein.

32.   When Defendants were unable to seize, levy, or otherwise obtain any money or property from Plaintiff to satisfy the void judgment in the state court action, Defendants returned the unsatisfied <u>Writ of Execution</u> (Exhibit "3") to the Clerk of the Superior Court for the County of Santa Clara on or about May 23, 2014.   The unsatisfied <u>Writ of Execution</u> (Exhibit "3") was filed in the state court action on or about June 2, 2014.

33.   Thereafter, on or about May 23, 2014, Defendants drafted, and FORBES signed, a second document titled <u>Memorandum of Costs After Judgment, Acknowledgment of Credit, and</u>

<u>Declaration of Accrued Interest</u> in which Defendants sought to increase the void default judgment entered against Plaintiff in the state court action, by adding $3,567.48 in post-judgment interest and $25.00 in court costs for issuing the unsatisfied <u>Writ of Execution</u> (Exhibit "3").  A true and correct copy of the second <u>Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest</u> is attached hereto, marked as Exhibit "4," and by this reference is incorporated herein.

34.    Plaintiff is informed and believes, and thereon alleges that Defendants mailed the <u>Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest</u> (Exhibit "4") to Plaintiff on or about June 6, 2014.

35.    Plaintiff is informed and believes, and thereon alleges that the <u>Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest</u> (Exhibit "4") was filed in the state court action on or about July 11, 2014.

36.    As a disabled person subjected to Defendants' abusive, deceptive, and unfair collection practices, Plaintiff is entitled to recover treble damages pursuant to Cal. Civil Code § 3345.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT
### (Against N&K, KENNARD, and FORBES)

37.    Plaintiff brings the first claim for relief against Defendants, N&K, KENNARD, and FORBES, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

38.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

39.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

40.    Defendant, N&K, is a "debt collector" as that term is defined by the FDCPA, 15

U.S.C. § 1692a(6).

41.    Defendant, KENNARD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

42.    Defendant, FORBES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

43.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

44.    Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.    Defendants made and used false, deceptive, and misleading statements and representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.    Defendants misrepresented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c.    Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(B);

d.    Defendants attempted to collect a void judgment from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

e.    Defendants misrepresented that CAPITAL ONE had or has a lawfully obtained a judgment against Plaintiff, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

f.    Defendants attempted to seize, levy, or otherwise obtain money or property

from Plaintiff to satisfy the void judgment in the state court action, in violation of 15 U.S.C. §§ 1692e(5), 1692f and 1692f(1);

g.    Defendants attempted to collect a defaulted consumer debt from Plaintiff by means of judicial proceedings after Defendants knew that service of process on Plaintiff had not been legally effected, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); and

h.    Defendants attempted to collect interest, fees, or other charges from Plaintiff that are not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

45.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against N&K and CAPITAL ONE)

47.    Plaintiff brings the second claim for relief against Defendants, N&K and CAPITAL ONE, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

48.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

49.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

50.    Defendant, N&K, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

51.     Defendant, CAPITAL ONE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

52.     The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

53.     Defendants, N&K and CAPITAL ONE, have violated the RFDCPA.     The violations include, but are not limited to, the following:

a.     Defendants, N&K and CAPITAL ONE, made and used false, deceptive, and misleading statements and representations in an attempt to collect the alleged debt, in violation of Cal. Civil Code § 1788.17;[4]

b.     Defendants, N&K and CAPITAL ONE, misrepresented the character, amount, or legal status of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[5]

c.     Defendants, N&K and CAPITAL ONE, misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b), and 1788.17;[6]

d.     Defendants, N&K and CAPITAL ONE, attempted to collect a void judgment from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.15(a) and 1788.17;[7]

e.     Defendants, N&K and CAPITAL ONE, misrepresented that CAPITAL ONE had or has a lawfully obtained a judgment against Plaintiff, in violation of Cal. Civil Code §§ 1788.15(a) and 1788.17;[8]

---

[4] 15 U.S.C. §§ 1692e and 1692e(10).
[5] 15 U.S.C. § 1692e(2)(A).
[6] 15 U.S.C. § 1692e(2)(B).
[7] 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).
[8] 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

f.    Defendants, N&K and CAPITAL ONE, attempted to seize, levy, or otherwise obtain money or property from Plaintiff to satisfy the void judgment in the state court action, in violation of Cal. Civil Code §§ 1788.10(e), 1788.10(f), and 1788.17;[9]

g.    Defendants, N&K and CAPITAL ONE, attempted to collect a defaulted consumer debt from Plaintiff by means of judicial proceedings after Defendants knew that service of process on Plaintiff had not been legally effected, in violation of Cal Civil Code §§ 1788.15(a) and 1788.17;[10] and

h.    Defendants, N&K and CAPITAL ONE, attempted to collect interest, fees, or other charges from Plaintiff that are not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b), and 1788.17.[11]

54.    Defendants', N&K's and CAPITAL ONE's, acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

55.    As a result of Defendants', N&K's and CAPITAL ONE's, violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

56.    As a result of Defendants', N&K's and CAPITAL ONE's, willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

57.    As a result of Defendants', N&K's and CAPITAL ONE's, violations of the

---

[9]   15 U.S.C. §§ 1692e(5), 1692f, and 1692f(1).
[10]  15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).
[11]  15 U.S.C. § 1692f(1).

RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[12]

58.    As a result of Defendants', N&K's and CAPITAL ONE's, violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[13]

59.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

### VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)   Assume jurisdiction in this proceeding;

b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1);

c)   Declare that Defendants, N&K and CAPITAL ONE, Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.10(e), 1788.10(f), 1788.13(e), 1788.14(b), 1788.15(a), and 1788.17;

d)   Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e)   Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, N&K and CAPITAL ONE, pursuant to Cal. Civil Code §

---

[12]  15 U.S.C.§ 1692k(a)(2)(A).
[13]  15 U.S.C.§ 1692k(a)(3).

1788.30(b);

g) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, N&K and CAPITAL ONE, pursuant to Cal. Civil Code § 1788.17;[14]

h) Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c);

i) Award Plaintiff treble damages, pursuant to Cal. Civil Code § 3345; and

j) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
WARREN JEREMIAH SPIES

---

[14]  15 U.S.C. § 1692k(a)(2)(A).

1

## **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

2

3         Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

4    parties, there is no such interest to report.

5                                                        /s/ Fred W. Schwinn
                                                         Fred W. Schwinn, Esq.

6

7                                          **DEMAND FOR JURY TRIAL**

8         PLEASE TAKE NOTICE that Plaintiff, WARREN JEREMIAH SPIES, hereby demands a trial

9    by jury of all triable issues of fact in the above-captioned case.

10

11                                                       /s/ Fred W. Schwinn
                                                         Fred W. Schwinn, Esq.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28